UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**HICE L. BAKER,**
                **Plaintiff**

v.                                                           Civil Action Number
                                                                         3:07CV574-J

**MICHAEL J. ASTRUE, Commissioner**
  **Of Social Security,**
                         **Defendant**

### MEMORANDUM OPINION

This matter is before the Court on plaintiff Hice L. Baker's challenge to the decision of the defendant Commissioner denying his claim to disability insurance benefits and supplemental security income payments. After examining the materials of record, the arguments of the parties and applicable authorities, the Court is of the opinion that the decision of the defendant Commissioner should be affirmed.

Mr. Baker filed applications in March of 2005, alleging that he had been unable to engage in any substantial gainful employment since February 1 ,2003. After a hearing, the Administrative Law Judge ("ALJ") determined that plaintiff's seizures represented a severe impairment that prevented him from performing any of his past relevant work. The ALJ further found that claimant retained the residual functional capacity for a significant number of jobs in the national economy. The Appeals Council denied review on August 23, 2007.

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence

supports the decision of the Commissioner. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. N.L.R.B. v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). The substantial evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way," and this Court is not permitted to reverse a decision merely because substantial evidence would have supported the contrary decision. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986).

Claimant contends that substantial evidence fails to support the ALJ's conclusions concerning the frequency and severity of seizures. Plaintiff has pointed to evidence of a long history of efforts to determine the cause of troublesome neurological problems such as confusion, vision difficulties, numbness, etc., and plaintiff expresses concern that the ALJ's findings were based on an incorrect perception of failure to pursue recommended treatment. The central question for this Court remains: Is there substantial evidence to support the ALJ's conclusion that Mr. Baker does not suffer seizures severe and/or frequent enough to preclude substantial gainful employment.

Upon presenting at the University of Louisville Neurology Clinic in April of 2005 with a chief complaint of double vision, he provided a history of seizures "1990-2000," but he reported no dizziness in the "last 3 yrs." Tr. 180. In September of 2005, plaintiff presented at the emergency room complaining of a three week history of dizziness and syncope; at that time he denied seizure activity in conjunction with these episodes. He also discussed a history of seizures connected with alcohol withdrawal, but stated that he had not used alcohol since spring

of 2004.  Tr. 206.  The records note "no evidence of seizures."  Tr. 208.

During the period from February 2004 through July 2006, Mr. Baker was treated at Family Health Center.  Tr. 226-264.  The records reflect his reports of concerns about vision problems, passing out, headaches and fatigue.  In October of 2006, he presented at the emergency room with complains of blurred vision and "feeling lost" for a few minutes.  The recorded diagnosis was syncope (versus seizures).  Tr.  270-281.  A December 2006 hospitalization resulted in a diagnosis of epilepsy, and Mr. Baker was placed on medication.  However, the only restriction imposed at that time was that Mr. Baker should avoid driving.  Tr. 301-302.  Even this restriction is called into question by plaintiff's own testimony:  At the January 2007 hearing, Mr. Baker testified that he still drives short distances three to four days each week.  Tr. 336.

Mr. Baker testified that it was not his dizziness or seizure episodes that caused him to stop doing iron work, but rather his age and the way his co-workers were treating him.  Tr. 347.  However, he testified that it was his episodes of confusion/double vision/starting that caused him to stop working as a truck driver.  350-351.  He suspected that physical stress (rather than mental stress) would serve as a trigger for his episodes.  Tr. 350.

The vocational expert testified that absences greater than once or twice a month, or "unscheduled breaks" (as, for example, if there were a twenty minute period of inability to function) would eliminate the jobs he had identified.  Tr.  355.  Plaintiff's testimony reflects relatively frequent but mild episodes.. With regard to frequency of episodes, plaintiff testified that the "minor ones" occur almost weekly, but that he might go a few months between "major ones."  Tr. 343-344.  Mr. Baker testified that when he has "minor" episodes, he is "lost" for a

3

"couple minutes." Tr. 340.  When he has a major seizure, he is very tired for a few hours afterwards.  Tr. 346.   He testified at the time of the hearing that he had been hospitalized for major episodes 13 times in the preceding three years.  Tr. 344.  As the ALJ observed, during most of that three year period, plaintiff's seizure disorder was untreated, and there was no evidence that the treatment would be ineffective.  Tr. 20.

As noted earlier, the task of this Court is not to decide the facts anew or to determine whether it would have arrived at a different decision from that of the ALJ.  Even if there is substantial evidence to support the opposite conclusion, the sole question presented to this Court is whether there is substantial evidence to support the ALJ's decision.  While this Court might well have reached a contrary conclusion, examination of the record as a whole leads the Court to conclude that there is substantial evidence in support of the ALJ's conclusions.

An order in conformity has this day entered.